### 10858

#### STATE v. JOHNSON

#### (111 S. E. 891)

SEDUCTION—EVIDENCE CORROBORATIVE OF PROSECUTRIX HELD TO MAKE QUESTION OF PROMISE OF MARRIAGE AND DECEPTION FOR THE JURY. —In prosecution for seduction under Cr. Code 1912, § 389, evidence corroborative of prosecutrix *held* sufficient to make the question as to the promise of marriage and the deception practiced on prosecutrix a question for the jury.

Before MEMMINGER, J., Horry. March, 1921. Appeal dismissed.

Ralph Johnson convicted of seduction and appeals.

The evidence corroborative of prosecutrix consisted of testimony of prosecutrix's mother that she heard defendant tell prosecutrix that he was going to marry her; that defendant himself told the mother that he was going to get married within six months; that defendant frequently visited prosecutrix; that prosecutrix did not go with other men during the same time; and that prosecutrix became pregnant during such time. Prosecutrix's father gave similar testimony. Other witnesses testified that defendant and prosecutrix were frequently together, and that defendant stated that he was going to marry prosecutrix.

*Mr. Robt. B. Scarborough,* for appellant, cites: Indictment under Sec. 389, Crim. Code 1912.

*Mr. L. M. Gasque,* Solicitor, for respondents, cites: *Promise of marriage may be made either before or at time of seduction:* 108 S. C. 459. *Judge may charge the law in his own language:* 91 S. C. 104; 95 S. C. 245. *Principles covered in the general charge need not be repeated:* 110 S. C. 177. *Judge must determine if there is any testimony to support the indictment—the weight is for the jury:* 105 S. C. 251; 65 S. C. 510. *Character of evidence necessary to support charge of seduction:* 2 R. C. L. 779, Sec. 63; 82 S. C. 278.

April 11, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted under Section 389 of the Criminal Code, the provisions of which are as follows:

"Any male person above the age of sixteen years who shall, by any means of deception and promise of marriage, seduce any unmarried woman in this State, shall upon conviction be deemed guilty of misdemeanor, and shall be fined or imprisoned, at the discretion of the Court; but no conviction shall be had under this section, on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if upon the trial it is proved that such woman was, at the time of the alleged offense, lewd and unchaste: Provided, that if the defendant in any action brought hereunder shall contract marriage with such woman, either before or after the conviction, further proceedings hereunder shall be stayed."

The jury rendered a verdict of guilty; and the defendant was sentenced to serve a term of 12 months on the public works of Horry County; whereupon he appealed to this Court.

The sole question argued by the appellant's attorney is whether there was error on the part of his Honor the

presiding Judge in the refusal of the motion for a directed verdict in favor of the defendant on the ground that the testimony of the prosecutrix, Ila Johnson, was not corroborated as to the promise of marriage and deception charged in the indictment.

The appellant's attorney has failed to satisfy this Court that the testimony does not support the finding of the jury.

Appeal dismissed.